09-4793-ag
Cai v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of December, two thousand ten.

PRESENT:
>           PIERRE N. LEVAL,
>           ROBERT A. KATZMANN,
>           RICHARD C. WESLEY,
>                     *Circuit Judges*.

_____

HUI IUAN CAI,
>           *Petitioner*,

>           v.                                              09-4793-ag
>                                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent*.

_____

FOR PETITIONER:         Gang Zhou, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Douglas E. Ginsburg,
                        Assistant Director; Seth A.
                        Director, Trial Attorney, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Iuan Cai, a native and citizen of the People's Republic of China, seeks review of an October 28, 2009, decision of the BIA, affirming the January 18, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Iuan Cai*, No. A077 911 592 (B.I.A. Oct. 28, 2009), *aff'g* No. A077 911 592 (Immig. Ct. N.Y. City Jan. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

In finding that Cai failed to sustain her burden of proof, the IJ reasonably relied on her failure to

corroborate her claims with specific documents. *See Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000). We defer to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Id*. At 285. We have held that before denying a claim solely due to an applicant's failure to provide corroborating evidence, the agency must "explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id*. at 290.

In this case, the IJ did not err in relying on Cai's failure to submit copies of the petition she wrote complaining of her unjust demotion for rejecting the loan application of the son of a bank vice president and Communist party member because that petition was reasonably available when she had submitted the petition to the bank's internal affairs committee, the Changle City internal affairs committee, and two local newspapers. *Id*. The IJ

also did not err in relying on Cai's failure to submit any documentation, such as a warrant or summons, to support her claim that charges for slandering the Chinese government were pending against her in China. *Id*. The IJ reasonably declined to credit Cai's explanation, that such documentation was not in her possession, stating that it was "strange" that she was not given any documentation to retain in connection with her alleged criminal proceedings and court appearance, and further noting that she had seven years to obtain some evidence corroborating the criminal proceedings against her. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *see also Diallo*, 232 F.3d at 285-86.

Accordingly, the IJ adequately explained in the record why he reasonably expected corroborative documentation and why he found Cai's explanations for the lack of corroboration insufficient, and did not err in denying Cai's application for asylum for lack of corroboration. *See Diallo*, 232 F.3d at 290. Because Cai's claim for withholding of removal was based on the same facts as her asylum claim, the agency's denial of both forms of relief was not in error. *See Paul v. Gonzales*, 444 F.3d 148, 156

4

(2d Cir. 2006). Cai does not challenge the agency's denial of her application for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk